ACCEPTED
04-15-00098-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/24/2015 5:40:00 PM
KEITH HOTTLE
CLERK

NO. _____04-15-00098-CV_____

## COURT OF APPEALS
## IN THE FOURTH JUDICIAL DISTRICT
## SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
02/24/2015 5:40:00 PM
KEITH E. HOTTLE
Clerk

| | | |
|---|---|---|
| **IN RE** | § | |
| **ARMANDO HERNANDEZ** | § | |

Ancillary to

| | | |
|---|---|---|
| ARMANDO HERNANDEZ and | § | IN THE DISTRICT COURT |
| NANCY HERNANDEZ, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 150th JUDICIAL DISTRICT |
| | § | |
| MARIO SALDIVIAR, FERNANDO | § | |
| SALDIVAR, JORGE CALDERON, | § | |
| and JORGE SALDIVAR, | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## EMERGENCY MOTION TO STAY EXECUTION OF THE FEB. 23, 2015 COMMITMENT ORDER[1] FOR ARMANDO HERNANDEZ PENDING DISPOSITION BY THE SUPREME COURT OF TEXAS OF THE ORIGINAL APPLICATION FOR WRIT OF HABEAS CORPUS

Rusty Hardin
Ryan K. Higgins
Bob Wynne
State Bar No. 24060861
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010-4035
E-mail: bwynne@rustyhardin.com

---

[1] The Commitment Order appears to be invalid as it is signed and dated as effective on February 26, 2015. However, Armando Hernandez was arrested and booked on February 23, 2015.

**TO THE HONORABLE JUDGES OF THE FOURTH COURT OF APPEALS, SAN ANTONIO, TEXAS:**

Applicant, ARMANDO HERNANDEZ, respectfully moves this Court to stay the execution of the 150th District Court's Commitment Order for Armando Hernandez holding him in contempt, issued on February 23, 2015, see copy of Commitment Order attached as Exhibit 1 and affidavit of Counsel, Bob Wynne attached as Exhibit 2; pending the disposition by the Supreme Court of Texas of the original application for a writ of habeas corpus filed on this 24th day of February, 2015. Mr. Hernandez was taken into custody on February 23, 2015. See Arrest and Booking Sheet attached as Exhibit 3. The Commitment Order is dated and signed on "February 26, 2015" and therefore void. Applicant also respectfully requests that he be released on bail pending the resolution of this matter.

Armando Hernandez was held in contempt by the 150th Judicial District Court on February 23, 2015, and committed to custody for 180 days or until he purges himself of contempt by answering questions propounded to him regarding which he asserted his legitimate rights against self-incrimination.

> "On February 23, 2015, the district court in the referenced civil action initiated a evidentiary hearing on Counter-Plaintiffs' request for temporary injunctive relief. In this civil action, Counter-Plaintiffs have brought tort claims against Counter-Defendant Armando Hernandez, alleging that Mr. Hernandez stole substantial sums from them through a fraudulent investment scheme.

2

During the hearing, Counter-Plaintiffs called Counter-Defendant Armando Hernandez as their first witness. Mr. Hernandez asserted his Fifth Amendment constitutional right against self-incrimination in response to most questions.

The district court held that Mr. Hernandez's invocation of the Fifth Amendment in response to six specific questions was unfounded. The district court, therefore, found Mr. Hernandez in contempt of court and ordered him to Bexar County jail until he either answers the six questions or 180 days expires. The district court refused to set any bail or bond.

The six questions that led to the contempt finding are substantially-similar to the following: (a) identify any legitimate sources of income earned by Mr. Hernandez, (b) identify the location of the funds allegedly stolen by Mr. Hernandez, (c) identify your business associates, (d) identify your professional-employment affiliation, (e) identify the amount and source of funds used to pay Mr. Hernandez's legal counsel in the United States, and (f) identify the amount and source of funds used to pay Mr. Hernandez's legal counsel in Mexico. Since it is alleged in this proceeding that Mr. Hernandez's source of funds is allegedly illegitimate, answering any questions about his source of funds might lead to information that will form a chain of information that might or could lead to adverse information with might incriminate him.

Today, the same court also held Nancy Hernandez in contempt for her assertions of her rights against self-incrimination with regard to substantially the same questions." Affidavit of Counsel, Bob Wynne, attached as Exhibit 2.

Under circumstances, as here, a client who asserts his Fifth Amendment[2]; Article 1, Section 10[3], rights to remain silent and against self-incrimination, may not be imprisoned under the Court's contempt power. It is Hornbook law that one

---

[2] United States Constitution.
[3] Texas Constitution.

may properly invoke the privilege against self-incrimination, not only for directly incriminating information, but also for any disclosure that a witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be used in this manner. *Kastigar v. United States,* 406 U.S. 411, 445 (1972). The witness need not be guilty nor does the answer to a particular question need to incriminate the witness in order for him to invoke the privilege. *Murphy v. Waterfront Commission,* 378 U.S. 52, 94 (1964) [holding that "[[T]he Fifth Amendment] protects any disclosures which the witness may reasonably apprehend could be used in a criminal prosecution or which could lead to other evidence that might be so used."]; *Isaacs v. United States,* 256 F.2d 654 (8th Cir. 1958)[protesting innocence does not bar claim of privilege]; *Slochower v. Bd. Of Education of N.Y.,* 350 U.S. 551, 557-58 (1956) [stating, "as we pointed out in *Ullman,* a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise *might be embarrassed by ambiguous circumstances*"]; *Ex Parte Butler,* 522 S.W.2d 196, 198 (Tex. Sup. Ct. 1975).

> "A witness need only show that an answer to the question is likely to be hazardous to him." *Ex Parte Butler,* 522 S.W.2d 196, 198 (Tex. Sup. Ct. 1975).

Under such circumstances, a Court's decision to punish a person for invocation of the right against self-incrimination must be guided by a presumption

4

of innocence since this is, in essence, a prosecution of a witness for refusal to answer a question. The question of whether the right may be asserted must be very liberally construed. In other words, the Court must consider whether under a very liberal construction of the question asked, could its answer lead to evidence that could form part of a chain of evidence that could lead to incriminating information.

If an individual has not been convicted of an offense, and is being asked any question that might lead to information which could, but may not, incriminate the individual; the person legitimately and properly asserts his or her privileges against self incrimination. It has long been recognized that an answer to the question need not be incriminating itself for the proper assertion of the privilege.

> "The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. … To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. The trial judge in appraising the claim 'must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence.'" *Hoffman v. United States,* 341 U.S. 479 (1951)[in the context of a federal case].

Further, one need not explain what might be incriminating in one's answer to a question to properly assert the privilege. Forcing a witness to explain what might be incriminating about an answer would require the witness to divulge the very information the privilege protects. *Hoffman v. United States,* 341 U.S. 479 (1951).

5

In the context of a civil case, a civil litigant can invoke the privilege against self-incrimination whenever he "reasonably apprehends a risk of self-incrimination, 'though no criminal charges are pending against him …and even if the risk of prosecution is remote'". *Wehling v. Columbia Broadcasting Systems,* 608 F.2d 1084, 1087 n.5 (5th Cir. 1979). Whether the right to self incrimination is improperly invoked does not depend on a judge's prediction of the likelihood of prosecution, it is only if there is a fanciful possibility of prosecution that claim against self incrimination is not well taken. If there is any possibility of prosecution, the claim is not fanciful. *In re Folding Carton Antitrust Litigation*, 609 F.2d 867, 871 (7th Cir. 1979).

Also a Court applying the *Hoffman* test must be "perfectly clear, from a careful consideration of all the circumstances in the case" that the person asserting the privilege cannot possibly provide an answer that would have any remote tendency to provide a link the chain of evidence that might have a "tendency to incriminate." *Malloy v. Hogan*, 378 U.S. 1, 12 (1964), *overruled* in non-pertinent part by *Arizona v. Fulminante*, 499 U.S. 279, 285-86 (1991) [concerning the test for voluntariness of a confession]. This is because, once an answer is forced from the witness, the right is lost and the damage is irreparable to the right. See *In re Grand Jury Proceedings (McCoy),* 601 F.2d 162, 169 (5th Cir. 1979)[stating, "if an order 'requires an irreversible and permanent surrender of a constitutional right,

6

it cannot be enforced by the contempt power"]. A witness may refuse to answer a question without suffering contempt where compliance could cause irreparable injury. *Maness v. Meyers,* 419 U.S. 449, 460 (1975).

For the purposes of this motion, counsel was available to testify as an expert, Ms. Cynthia E. Orr who is Board Certified in Criminal Law and Criminal Appellate Law, is the current Chair of the American Bar Association's Criminal Justice Section, and Partner at Goldstein, Goldstein & Hilley. See Curriculum Vitae of Ms. Cynthia E. Orr, attached as Exhibit 4.

This date, February 24, 2015, Applicants are filing an Application for Writ of Habeas Corpus in the Supreme Court of Texas asserting the invalidity of the contempt citations and order of commitment for the proper assertion of Applicant's Fifth Amendment rights in the United States Constitution and Article 1, §10 rights against self-incrimination in the Texas Constitution. The Application for Writ of Habeas Corpus is hereby adopted and incorporated by reference into this Motion. See Application for Writ of Habeas Corpus attached as Exhibit 5.

WHEREFORE, PREMISES CONSIDERED, Applicant prays for this Honorable Court to stay the execution of the Commitment Order pending disposition by the Supreme Court of Texas on the Application for Writ of Habeas Corpus and for such other further relief at law or in equity to which Applicant is entitled.

Respectfully submitted,

RUSTY HARDIN & ASSOCIATES, L.L.P.

/s/ *Rusty Hardin*

_____

Rusty Hardin
State Bar No. 08972800
Ryan K. Higgins
State Bar No. 24007362
Bob Wynne
State Bar No. 24060861
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010-4035
(713) 652-9000
(713) 652-9800 (Facsimile)

**ATTORNEYS FOR COUNTER-DEFENDANTS**

## <u>CERTIFICATION</u>

I hereby certify that I have reviewed the foregoing pleading and concluded that every factual statement within is supported by competent evidence included in the appendix or record.

/s/ *Bob Wynne*

_____

Bob Wynne

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was E-filed and e-served on all counsel of record on the 24th day of February, 2015, pursuant to Rule 21a.

Jeffrey A. Hiller
Cacheaux, Cavazos, & Newton, LLP
333 Convent Street
San Antonio, Texas 78205
jhiller@ccn-law.com

Royal B. Lea, III
Bingham & Lea, P.C.
319 Maverick Street
San Antonio, Texas 78212
royal@binghamandlea.com

/s/ *Bob Wynne*

_____

Bob Wynne

# EXHIBIT 1

CAUSE NO. 2014 CI 17077

Armando Hernandez, et al.

VS.

Mario Saldivar, et al.

IN THE DISTRICT COURT

150th JUDICIAL DISTRICT

BEXAR COUNTY, TX.

## ORDER FOR CONTEMPT AND FOR COMMITMENT
## TO COUNTY JAIL

On 26 Feb 2015 the Court heard the above reference matter.

Hernandez Armando appeared in person and by attorney of record.

The record of testimony was duly reported by Maria Fattahi, CSR

During the proceedings, Armando Hernandez committed the following acts which constituted contempt of this court. by refusing to answer 6 questions summarized below.

The Court finds that Armando Hernandez is in contempt of court.

The Court ORDERS that Armando Hernandez shall be confined to the county Or until 80 days has expired

Jail of Bexar County, Texas until he has complied with the following: agreed to answer the six questions related to his business affiliation in U.S, the source of income used to hire his current attorneys and the amts pd to them to date.

Signed on Feb. 26 2015

JUDGE PRESIDING



**EXHIBIT 2**

| | | |
|---|---|---|
| ARMANDO HERNANDEZ and NANCY HERNANDEZ, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | 150th JUDICIAL DISTRICT |
| MARIO SALDIVAR, FERNANDO SALDIVAR, JORGE CALDERON, and JORGE SALDIVAR, | § § § § | |
| Defendants. | § § | BEXAR COUNTY, TEXAS |

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF BEXAR | § |

## DECLARATION

"My name is Bob Wynne, my date of birth is 09/30/1980, and my address is 1401 McKinney, Suite 2250, Houston, Texas 77010, U.S.A. I am over the age of eighteen, of sound mind, capable of making this declaration, and personally acquainted with the facts herein stated:

My name is Bob Wynne. I am an attorney licensed to practice law in the States of Texas and Louisiana. I am a counsel of record in the above-captioned civil action. I have personal knowledge of all matters identified in this declaration. All information in this declaration is true and correct under penalty of perjury. I am giving this statement on this date in Bexar County, Texas.

On February 23, 2015, the district court in the referenced civil action initiated a evidentiary hearing on Counter-Plaintiffs' request for temporary injunctive relief. In this civil action, Counter-Plaintiffs have brought tort claims against Counter-Defendant Armando Hernandez, alleging that Mr. Hernandez stole substantial sums from them through a fraudulent investment scheme.

During the hearing, Counter-Plaintiffs called Counter-Defendant Armando Hernandez as their first witness. Mr. Hernandez asserted his Fifth Amendment constitutional right against self-incrimination in response to most questions.

The district court held that Mr. Hernandez's invocation of the Fifth Amendment in response to six specific questions was unfounded. The district court, therefore, found Mr. Hernandez in contempt of court and ordered him to Bexar County jail until he either answers the six questions or 180 days expires. The district court refused to set any bail or bond.

The six questions that led to the contempt finding are substantially-similar to the following: (a) identify any legitimate sources of income earned by Mr. Hernandez, (b) identify the location of the funds allegedly stolen by Mr. Hernandez, (c) identify your business associates, (d) identify your professional-employment affiliation, (e) identify the amount and source of funds used to pay Mr. Hernandez's legal counsel in the United States, and (f) identify the amount and source of funds used to pay Mr. Hernandez's legal counsel in Mexico. Since it is alleged in this proceeding that Mr. Hernandez's source of funds is allegedly illegitimate, answering any questions about his source of funds might lead to information that will form a chain of information that might or could lead to adverse information with might incriminate him.

Today, the same court also held Nancy Hernandez in contempt for her assertions of her rights against self-incrimination with regard to substantially the same questions.

Pursuant to 28 U.S.C. §1746 and pursuant to Chapter 132 of the Texas Civil and Practice Code, I declare under penalty of perjury that the foregoing is true and correct."

Executed in Bexar County, State of Texas, on the 24th day of February, 2015.

X _____
Bob Wynne

SUBSCRIBED AND SWORN TO BEFORE ME by the said Bob Wynne on this the 24th day of February, 2015.

MARISSA NAJERA
My Commission Expires
March 10, 2016

X _____
Notary Public, State of Texas

**EXHIBIT 3**

# BEXAR COUNTY SHERIFF'S OFFICE
## ARREST & BOOKING SHEET

| Offense Case # | Master Incident # | Date of Occurrence | Time of Occurrence | Arresting Agency ORI |
|---|---|---|---|---|
| 2105-007415 | | 2/26/2015 | 17:15 | TX0150000 |

### ARRESTED PERSON INFORMATION

| Name (Last, First, Middle) | Race | Sex | Height | Weight | Hair | Eyes | CIJS SID # | CIJS SPN # | |
|---|---|---|---|---|---|---|---|---|---|
| HERNANDEZ, ARMANDO ESUS | W | M | 600 | 200 | BLK | BRO | | N/A | |

| Address | | Unit Type | Unit # | Complexion | Build | Date of Birth | Age |
|---|---|---|---|---|---|---|---|
| 215 SWITCH OAK | | | | | | 8/29/1961 | |

| City | State | Zip Code | Primary Phone # | Secondary Phone # | Driver's License # | State |
|---|---|---|---|---|---|---|
| SAN ANTONIO | TX | 78230 | | | 17118640 | TX |

| Aliases / Nicknames / Maiden Name | Place of Birth | Citizenship | Social Security # |
|---|---|---|---|
| | | US | |

| Scars, Marks, Tattoos, Amputations | Miscellaneous Number(s) |
|---|---|
| | |

| Occupation | Employer | Student | School | Education Level |
|---|---|---|---|---|
| | | ☐ Yes ☐ No | | |

| Emergency Contact (Last, First) | Address | City | State | Zip Code |
|---|---|---|---|---|
| | | | | |

### OFFENSE CODE

| OFFENSE CODE | CHARGE DESCRIPTION | WARRANT # | WARRANT TYPE | ISSUED BY |
|---|---|---|---|---|
| | CONTEMPT OF COURT | | | 150TH |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

### ARREST DETAILS

| Location of Arrest | Date of Arrest | Time of Arrest | District / RA |
|---|---|---|---|
| 100 DOLOROSA | 2/26/2015 | 17:15 | BS |

| Condition of Prisoner | Special Needs | Disposition |
|---|---|---|
| | | |

| Operate Vehicle | VIN or License Plate | Make | Model | Year | Color | Hazardous Material |
|---|---|---|---|---|---|---|
| ☐ Yes ☐ No | | | | | | ☐ Yes ☐ No |

| Vehicle Impounded | Location | Phone # |
|---|---|---|
| ☐ Yes ☐ No | | |

| Property in Property Room | Location | Phone # |
|---|---|---|
| ☐ Yes ☐ No | | |

### VICTIM NOTIFICATION

| Victim Notification Phone # | VINE PIN # | Victim Declines Notification | Comments |
|---|---|---|---|
| | | ☐ Yes ☐ No | |

### FACTS OF ARREST

COURT SECURITY ONLY:  Court No.: 150  Cause No.: 2014CI17077

AP ARRESTED IN OPEN COURT ON JUDGE ORDERS FOR CONTEMPT

| | Address | City | State | Zip Code |
|---|---|---|---|---|
| Arresting Agency BEXAR COUNTY SHERIFF'S OFFICE | 200 N. COMAL | SAN ANTONIO | TX | 78207 |
| Complainant / Victim Name NELLERMOE, B. JUDGE | 100 DOLOROSA | City | State | Zip Code |
| Witness Name | Address | City | State TX | Zip Code |

| Badge | Arresting Officer 1 | Badge | Arresting Officer 2 | Badge | Transporting Officer | Badge | Approving Officer |
|---|---|---|---|---|---|---|---|
| 103 | A. DICKINSON | | | | | | |

## BEXAR COUNTY SHERIFF'S OFFICE ♦ 200 N. COMAL ♦ SAN ANTONIO, TEXAS 78207

BCSO Form #351-045 (Rev 0

# EXHIBIT 4

# *CYNTHIA EVA HUJAR ORR*



GOLDSTEIN, GOLDSTEIN & HILLEY
310 S. St. Mary's St.
29th Floor Tower Life Building
San Antonio, Texas 78205
(210) 226-1463  (210) 226-8367 facsimile
e-mail:  whitecollarlaw@gmail.com

PARTNER, GOLDSTEIN, GOLDSTEIN & HILLEY

CERTIFIED SPECIALIST CRIMINAL LAW and
CRIMINAL APPELLATE LAW
Texas Board of Legal Specialization

**EDUCATION:**

B.B.A. - University of Texas (1979)
J.D. - St. Mary's University (1988)

**BAR ADMISSIONS:**

Texas (1989); United States Supreme Court (1992); United States District Court for the Western District (1989), United States for the Southern District (1990), United States District Court for the Eastern District and Northern District (1991) of Texas; United States Courts of Appeals for the Fourth Circuit (1992), Fifth Circuit (1990), Ninth Circuit (1996) and Eleventh Circuit (2004).

**PROFESSIONAL ACTIVITIES:**

Chair of the Criminal Justice Section, American Bar Association (2014-2015);
Diversity Officer of the Criminal Justice Section, American Bar Association (2014);
Co-Executive Director of the White Collar Crime Division, American Bar Association (2013-2014);
Representative, American Bar Association House of Delegates for NACDL (2011-present);
Member, American Bar Association Criminal Justice Section Council (2001-present);
Member, American Bar Association Prosecution and Defense Standards Task Force for Rewriting the Standards [New version approved 2010] (2006-Present);
Member, American Bar Association Standards Committee (2006-2014);
Co-Chair, American Bar Association Defense Functions/Services Committee (2003-2009);
Member, American Bar Association Defense Functions/Services Committee Liaison to Criminal Justice Section Ad Hoc Innocence Committee to Ensure the Integrity of the

Criminal Process (2002-2008);
President, National Association of Criminal Defense Lawyers (2009-2010);
Board of Directors, National Association of Criminal Defense Lawyers (1999-present);
President, Texas Criminal Defense Lawyers Association (2003-2004);
Board of Directors, The Greater San Antonio Chamber of Commerce (2008-2010);
Member, William S. Sessions American Inn of Court (2001-present);
Co-Founder Texas Innocence Network (2000);
Co-chair, Federal Courts Committee - Criminal Law Subcommittee, San Antonio Bar Association (1999-present);
Founder and President, San Antonio Criminal Defense Lawyers Association; and
Federal Judicial Clerkship for the Honorable Emilio Garza (1988).

**HONORS:**

Top 100 Trial Lawyers in America, American Association of Trial Lawyers (2007-present);
Best Lawyers in America (2005 to present);
Texas Monthly, Texas Super Lawyer (2003 to present);
Scene in SA Monthly, San Antonio's Best Lawyers (2004 to present);
Recipient of the first Minuteman Strike Force Award by the Texas Criminal Defense Lawyers Association (2012);
Recipient of the first Spirit of Justice Award by the Texas Criminal Defense Lawyers Association (2012);
Texas Criminal Defense Lawyers Association's Board Resolution re: Cynthia Hujar Orr's contribution to justice in the United States (2009);
Recipient Women's Leadership Mentoring Award, San Antonio Business Journal (2009);
Presidential Recognition by National Association of Criminal Defense Lawyers, 1999 and 2000, 2001, 2002, 2003, 2004, 2007 and 2008;
Texas Criminal Defense Lawyers Association Presidential Award, 1994, 1995, 1996, 1997, 1998, 2000, 2001, 2003 and 2012;
Inductee, San Antonio Women's Hall of Fame (2006);
San Antonio Business Journal: Women's Leadership Award for Mentoring (2009);
San Antonio Bar Association Presidential Award "Outstanding Service" (2010); and
San Antonio Bar Association Presidential Award (1998).
AV Rated by Martindale-Hubble (2006 to present).

**OUTSTANDING ACHIEVEMENTS:**

In a capital murder case, on September 17, 2014, the Court of Criminal Appeals granted Cynthia's writ of habeas corpus, filed on behalf of Hannah Ruth Overton, reversing her conviction and remanding the case to the district court for a new trial. Hannah was convicted of failing to provide adequate or timely medical care to her four year-old foster son (whom she and her husband were trying to adopt) and given a life sentence.

On October 4, 2011, along with the Innocence Project, Inc. of New York, was instrumental in gaining the release of an innocent man, Michael Morton, who was convicted in 1987 for the murder of his wife, in Williamson County, Texas.

Successful before the U.S. Supreme Court with regards to money laundering in *Moreno - Gonzalez vs. U.S.*, No. 07-400 (2008).

Obtained the first confession of error by the State of Texas in a death penalty case, *Miguel Angel Martinez vs. Gary Johnson*, No. L-98-37 in the United States District Court for the Southern District of Texas, Laredo Division, underlying case - *State of Texas vs. Miguel Angel Martinez*, Cause No. K-91-294-D3 in the 341st Judicial District Court, Webb County, Laredo, Texas.

She was counsel on the amicus brief in *CNN vs. General Manuel Noriega* before the United States Supreme Court where she successfully defended this unpopular defendant's attorney-client privilege.

**LECTURER:**
    American Bar Association;
    National Association of Criminal Defense Lawyers;
    Texas Criminal Defense Lawyers Association;
    Tennessee Association of Criminal Defense Lawyers;
    North Dakota Defense Lawyers Association;
    Louisiana Criminal Defense Lawyers Association;
    Kentucky Association of Criminal Defense Lawyers;
    Florida Association of Criminal Defense Lawyers;
    Ohio State Bar Association;
    Nevada Bar Association;
    Federal Bar Association;
    Federal Public Defenders in Texas and California;
    National Association of Women Lawyers;
    CJA Panel Training for Federal Public Defenders;
    Texas State Bar Advanced Criminal Law Course;
    San Antonio Bar Association;
    San Antonio CPA Society;
    Hays County Bar Association;
    Nueces County Bar Association;
    Hidalgo County Bar Association;
    San Antonio Paralegal Association;
    Bexar County Women's Bar Association.

**PUBLISHED:**

*The State of Criminal Justice*, American Bar Association;
*The ABA Criminal Justice Standards for the Defense and Prosecution Function*, American Bar Association;
*Achieving Justice: Freeing the Innocent, Convicting the Guilty*, Report of the ABA Criminal Justice Section's Ad Hoc Innocence Committee to Ensure the Integrity of the Criminal Process;
CHAMPION, National Association of Criminal Defense Lawyers;
VOICE for the Defense, Texas Criminal Defense Lawyers Association;
Texas Lawyer;
Texas Bar Journal;
White Collar Crime, Androphy (contributed motions);
Punitive Damages, Schlueter and Redden, Second Edition (student research assistant).

**TOPICS FOR SPEECHES:**

Discovery, Brady and the Michael Morton Act
U.S. Supreme Court Update
Innocence Project and Post-Conviction Habeas
Ethical Considerations Governing Multiple Representations
War in the Courtroom: *State v. Pierce* & Its Lessons for All Lawyers (State and Federal)
Forfeiture
Closing: It is YOUR Battlefield, YOUR Win
Mortgage Fraud
Advising Business Clients: Avoiding Becoming a Co-Conspirator
Federal Defenses
Technology in the Courtroom
There is Nothing Sexy Under Those Lab Coats: The Emperor has no Hard Science
Unpatriotic Acts
Criminal Justice After 9/11: How the Rules Have Changed
The Law of Voir Dire
Pre-trial Motions, Discovery
How to Spot a Sham
Spotting Junk Science and Bad Experts
Expert Witnesses
Confessions
100 Exonerations
Preservation of Error
The Patriot Act
Ethics and the Death Penalty
Federal and State Writs of Habeas Corpus
Search and Seizure
Search and Seizure in White Collar Cases
Why we do what we do